

**ORDERED in the Southern District of Florida on November 1, 2013.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                        Case No.12-20044-EPK

LISA-ANN M. RADER,                            Chapter 7

     Debtor.
_____/


HOWARD ZAREN,

     Plaintiff,

v.                                            Adv. No. 12-01813-EPK

LISA-ANN M. RADER,

     Defendant.
_____/


**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

     THIS MATTER came before the Court on *Plaintiff's Motion for Summary Judgment*
[ECF No. 27] (the "Motion") filed by Howard Zaren (the "Plaintiff").

On April 25, 2012, Lisa-Ann Rader (the "Defendant") filed a voluntary petition under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq* (2012).[1]  On July 31, 2012, the Plaintiff initiated this adversary proceeding by filing the *Complaint to Determine Dischargeability of a Debt Pursuant to 11 U.S.C. §§ 523(a)(5) and (a)(15)* [ECF No. 1] (the "Complaint"), in which the Plaintiff seeks to except from discharge a judgment against the Defendant entered by the Court of Common Pleas, Family Division, Allegheny County, Pennsylvania (the "State Court").  In the present Motion, the Plaintiff seeks relief only under § 523(a)(15).

The Court considered the Motion, the *Defendant's Response and Objection to Plaintiff's Motion for Summary Judgment* [ECF No. 60], and the *Plaintiff's Reply to Defendant Lisa-Ann Rader's Response to Plaintiff's Motion for Summary Judgment* [ECF No. 61].  For the reasons stated below, the Motion will be granted.

I.    Background

The Plaintiff and Defendant were married from 1985 to 1992.  Pursuant to a Final Judgment of Dissolution of Marriage entered by the State Court, the Plaintiff was required to pay to the Defendant child support for the parties' two children.  In 2005 and 2006, the parties' children were emancipated.  Subsequently, in June 2007, the State Court terminated the child support order, determined that the Defendant had received overpayments of $235,037.30 in the aggregate, and ordered the Defendant to pay such amount to the Plaintiff.

In April 2011, the Defendant filed a chapter 7 petition.  The Defendant's case was converted to chapter 13 on June 15, 2011.  On September 26, 2011, the Plaintiff filed an adversary proceeding similar to the present action, seeking an order that the overpayment

[1] Unless otherwise noted, in this order the word "section" and the symbol "§" refer to sections of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

2

obligation was not subject to discharge in the Defendant's bankruptcy case.  On October 17, 2011, the Defendant's chapter 13 case was dismissed and the Plaintiff's adversary proceeding was simultaneously dismissed.

In May 2011, the State Court entered an amended order directing the Defendant to pay to the Plaintiff the amount of $222,149.74, a reduced sum reflecting payments made by the Defendant.[2]

On April 25, 2012, the Defendant filed a second bankruptcy petition commencing the present case.  The Defendant obtained a discharge under § 727 on August 6, 2012.

II.    Summary Judgment Standard

Fed. R Civ. P. 56(a), made applicable to this matter by Fed. R. Bankr. P. 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party bears the burden of meeting this standard.  *Imaging Bus. Machs., LLC v. BancTec, Inc.*, 459 F.3d 1186, 1192 (11th Cir. 2006).  "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case."  *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).  In considering a motion for summary judgment, the Court must "construe the facts and draw all reasonable inferences

---

[2] The Defendant challenges the validity of the 2007 and 2011 orders of the State Court.  The Defendant acknowledges that she was involved in the proceeding, at times represented by counsel, leading to the 2007 order of the State Court.  While the Defendant states that she was not present in the courtroom when the 2007 order was imposed, the State Court's written order finds that the parties were served and that they appeared.  The 2011 order of the State Court states that the Plaintiff and his counsel were present for the subject hearing but makes no mention of the Defendant being present at the hearing.  This second order of the State Court, however, only decreased the amount payable by the Defendant to account for payments already made.  The State Court's orders were not stayed or reversed.  They are valid judgments of the State Court and must be accorded full faith and credit before this Court.

in the light most favorable to the non-moving party." *HCA Health Servs. of Ga., Inc. v. Emp'rs Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001).

III.    <u>Analysis</u>

  The Plaintiff argues that his claim for overpayment of child support is not subject to discharge as a result of § 523(a)(15). Section 523(a)(15) provides, in relevant part, that a discharge under § 727

> does not discharge an individual debtor from any debt . . . to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

"This provision affects 'all divorce-related obligations.' " *Fisher v. Santry (In re Santry)*, 481 B.R. 824, 829 (Bankr. N.D. Ga. 2012) (quoting *Humiston v. Huddelston (In re Huddelston)*, 194 B.R. 681, 685 (Bankr. N.D. Ga. 1996)).

  Because § 523(a)(15) covers only debts that are not encompassed by § 523(a)(5), the Court must first determine whether § 523(a)(5) applies to the Plaintiff's overpayment claim. Section 523(a)(5) excepts from discharge all "domestic support obligations." Section 101(14A) of the Bankruptcy Code defines a "domestic support obligation" as

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>
> (A) owed to or recoverable by—
>
>   (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
>   (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

4

(C)     established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

(i)     a separation agreement, divorce decree, or property settlement agreement;

(ii)     an order of a court of record; or

(iii)     a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D)     not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

In this case, the Defendant owes a debt to the Plaintiff, her former spouse, under a judgment of the State Court. The debt has not been assigned. For purposes of § 523(a)(5), the only material question is whether the Defendant's overpayment obligation to the Plaintiff is in the nature of alimony, maintenance, or support.

Federal law controls the determination of whether a debt is in the nature of support; state law provides guidance in making that determination. *Inman v. Hearn (In re Inman)*, No. 10-17707-EPK, Adv. No. 11-01033-EPK, 2012 WL 2374419, at *16 (Bankr. S.D. Fla. June 22, 2012) (citing *Cummings v. Cummings*, 244 F.3d 1263, 1265 (11th Cir. 2001)). The analysis requires "a simple inquiry as to whether the obligation can legitimately be characterized as support, that is, whether it is in the *nature* of support." *Cummings*, 244 F.3d at 1265 (quoting *Harrell v. Sharp (In re Harrell)*, 754 F.2d 902, 906 (11th Cir. 1985)). For a debt to be considered "in the nature of support," the parties must have intended at the time of creation of the debt that it function as support or alimony. *Id.* "[T]he touchstone for dischargeability under § 523(a)(5) is the intent of the parties." *Id.* at 1266.

The overpayment obligation of the Defendant to the Plaintiff is not in the nature of support. The parties did not intend for the debt to function as support. Rather, "[t]he

judgment in question is simply a money judgment given to reimburse [the Plaintiff] for overpayment of child support." *Lankford v. Drinkard (In re Drinkard)*, 245 B.R. 91, 94 (Bankr. N.D. Tex. 2000). Because the Defendant's obligation cannot legitimately be characterized as support, it is not a domestic support obligation and the debt does not come within the scope of § 523(a)(5).

For a debt to be excepted from discharge under § 523(a)(15) it must (1) be owed to a former spouse, spouse, or child; (2) not be subject to § 523(a)(5); and (3) be "incurred 'in connection with' a divorce decree or an 'order of a court of record.' " *Taylor v. Taylor (In re Taylor)*, 478 B.R. 419, 428 (B.A.P. 10th Cir. 2012).

In *In re Taylor*, the court examined a debt created by a court order requiring reimbursement of an overpayment of spousal support. *Id.* at 422. The court found that the defendant's overpayment obligation was excepted from discharge under § 523(a)(15) as the defendant's "debt [was] to her former spouse, [was] not for support, and was incurred as a direct result of an order of a court of record". *Id.* at 428.

The Defendant's overpayment obligation to the Plaintiff differs from that considered in the *Taylor* case only in that the Plaintiff paid excessive child support rather than spousal support, a distinction not material to the outcome. As in *Taylor*, the Defendant's debt to the Plaintiff is owed to a former spouse, is not subject to § 523(a)(5), and was imposed by an order of a court of record. Thus, the Defendant's overpayment obligation to the Plaintiff is excepted from discharge under § 523(a)(15).

IV.   Conclusion

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment is GRANTED. The debt owed by the Defendant to the Plaintiff for overpayment of child

support, in the amount of $222,149.74 plus interest,[3] will not be discharged in this chapter 7 case.

The complaint states two counts, Count I for relief under § 523(a)(5) and Count II for relief under § 523(a)(15). In ruling on the Motion, the Court determined that the Defendant's obligation to the Plaintiff is not in the nature of support. As a result, the Plaintiff is not entitled to relief under § 523(a)(5). As there remains no cause presented in the complaint requiring trial, the Court will enter judgment in favor of the Plaintiff on Count II and in favor of the Defendant on Count I.

# # #

Copy To:

Nadine V. White-Boyd, Esq.

*Nadine V. White-Boyd, Esq. shall serve a copy of this Order upon all appropriate parties and shall file a certificate of service with the Court.*

---

[3] This amount reflects the most recent judgment entered by the State Court against the Defendant, reduced to account for sums previously paid to the Plaintiff by the Defendant. ECF No. 27, Ex. B. The debt excepted from discharge includes post-petition interest. *See Leeper v. Pa. Higher Educ. Assistance Agency*, 49 F.3d 98, 102 (3d Cir. 1995) ("[C]reditors may accrue as to the debtor personally post-petition interest on nondischargeable debts while a bankruptcy is pending."). The interest rate ordered by the State Court on the overpayment debt is five (5%) percent [ECF No. 1].